UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT, | No. 6:20-cv-00726 |
| Plaintiff, | JURY TRIAL DEMANDED |
| v. | |
| HEWLETT PACKARD ENTERPRISE COMPANY, | |
| Defendant. | |

BRAZOS'S COMPLAINT AGAINST HPE FOR
INFRINGEMENT OF U.S. PATENT NO. 7,386,630

Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("Brazos"),

by and through its attorneys, files this Complaint for Patent Infringement against defendant

Hewlett Packard Enterprise Company ("HPE") and alleges:

NATURE OF THE ACTION

1.      This is a civil action for patent infringement arising under the Patent Laws of the

United States, 35 U.S.C. §§ 1 *et seq.*, including §§ 271, 281, 284, and 285.

THE PARTIES

2.      Brazos is a limited liability corporation organized and existing under the laws of

Delaware, with its principal place of business at 606 Austin Avenue, Suite 6, Waco, Texas

76701.

3.      On information and belief, HPE is a corporation organized and existing under the

laws of Delaware, with a regular and established place of business located at 14231 Tandem

Boulevard, Austin, Texas 78728. HPE may be served through its designated agent for service of

process, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas, 75201.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

5.     This Court has specific and general personal jurisdiction over HPE pursuant to due process and/or the Texas Long Arm Statute because HPE has committed and continues to commit acts of patent infringement, including acts giving rise to this action, within the State of Texas and within this Judicial District. The Court's exercise of jurisdiction over HPE would not offend traditional notions of fair play and substantial justice because HPE has established minimum contacts with the forum. For example, on information and belief, HPE has committed acts of infringement in this Judicial District, directly and/or through intermediaries, by, among other things, making, using, offering to sell, selling, and/or importing products and/or services that infringe the Asserted Patent, as alleged herein.

6.     Upon information and belief, HPE has continuous and systematic business contacts with the State of Texas. HPE is registered to do business in the State of Texas, has offices and facilities in the State of Texas, and actively directs its activities to customers located in the State of Texas. HPE, directly and/or through affiliates and/or intermediaries, conducts its business extensively throughout Texas, by shipping, importing, manufacturing, distributing, offering for sale, selling, and/or advertising its products and services in the State of Texas and this Judicial District.

7.     Venue is proper in this Court pursuant to 28 U.S.C. § 1400(b). HPE is registered to do business in Texas, and, upon information and belief, HPE has transacted business in this Judicial District, and has committed acts of direct and indirect infringement in this Judicial District by, among other things, importing, offering to sell, and selling products that infringe the

Asserted Patent. HPE has regular and established places of business in this Judicial District, as set forth below.

8.      HPE maintains a regular and established place of business in this Judicial District, at least at 14231 Tandem Boulevard, Austin, Texas 78728:[1,2]



9.      Upon information and belief, HPE conducts business and serves customers from its regular and established place of business in Austin, Texas, in this District. Upon information and belief, HPE's Austin office is located on a 52-acre campus.[3]

10.     In October 2019, it was reported that HPE signed a lease for a 27,326-square-foot-space in a 164,714-square-foot office building in North Austin at Paloma Ridge, located at 13620 FM 620 Austin, Texas, 78717.[4]

---

[1] *See* https://www.hpe.com/us/en/contact-hpe.html.

[2] *See* https://goo.gl/maps/mojArn1WxaHcHU8v8; *see also* https://goo.gl/maps/ cBjm1De4gVPFMeam9.

[3] *See* https://www2.colliers.com/en/properties/austin-continuum/USA-14231-tandem-boulevard-austin-tx-78728/usa1046778.

[4] *See* https://communityimpact.com/local-news/austin/leander-cedar-park/coming-soon/2019/10/ 23/hewlett-packard-signs-lease-at-paloma-ridge-on-fm-620/.

11.     Upon information and belief, HPE owns at least two properties in Austin, Texas, in this District.[5]

12.     HPE maintains additional regular and established places of business in the State of Texas, nearby to this District, including at 11445 Compaq Center West Drive Houston, Texas, 77070, and 6080 Tennyson Parkway, Suite 400, Plano, Texas 75024.[6]

13.     HPE's website states that HPE is "a global edge-to-cloud Platform-as-a-Service company . . . that helps customers connect, protect, analyze, and act on all [of the customer's] data and applications wherever they live . . . ."[7] Upon information and belief, HPE designs, manufactures, uses, imports into the United States, sells, and/or offers for sale in the United States products that infringe the Asserted Patent, directly and or through intermediaries, as alleged herein. HPE markets, sells, and/or offers to sell its products and services, including those accused herein of infringement, to actual and potential customers and end-users located in Texas and in this District, as alleged herein.

14.     HPE's website permits customers to configure and customize HPE products, including the HPE FlexNetwork MSR Router Series and the HPE FlexNetwork HSR Router Series, and request price quotes from HPE on the configured products.[8] HPE's website also permits users to purchase HPE products directly from HPE's website.[9]

---

[5] *See* http://propaccess.traviscad.org/clientdb/SearchResults.aspx (printout attached as Exhibit B).

[6] *See* https://www.hpe.com/us/en/contact-hpe.html.

[7] *See* https://www.hpe.com/us/en/about.html.

[8] *See, e.g.*, https://h22174.www2.hpe.com/SimplifiedConfig/Welcome (printout attached as Exhibit C).

[9] *See, e.g.*, https://buy.hpe.com/us/en/networking/routers/c/4172265.

15.     Upon information and belief, HPE offers trainings and/or certifications to its employees including, *inter alia*, trainings and certifications regarding the sales and/or service of HPE products. For example, HPE offers an HPE Certification to HPE employees, including HPE sales team members, that teaches how to "design, implement, and configure complex data center solutions based on the HPE FlexNetwork Architecture."[10]

16.     As of August 2020, HPE advertised at least fifteen public job postings for positions at HPE's Austin, Texas office.[11]

## COUNT I
## Infringement of U.S. Patent No. 7,386,630

17.     Brazos re-alleges and incorporates by reference the preceding paragraphs 1–16 of this Complaint.

18.     On June 10, 2008, the U.S. Patent & Trademark Office duly and legally issued U.S. Patent No. 7,386,630 (the "'630 Patent"), entitled "Using Policy-Based Management to Support Diffserv Over MPLS Network." A true and correct copy of the '630 Patent is attached as Exhibit A to this Complaint.

19.     Brazos is the owner of all rights, title, and interest in and to the '630 Patent, including the right to assert all causes of action arising under the '630 Patent and the right to any remedies for the infringement of the '630 Patent.

20.     HPE makes, uses, sells, offers for sale, imports, and/or distributes in the United States, including within this judicial district, routers that utilize differentiated services ("Diffserv") and multi-protocol label switching ("MPLS") functionality to prioritize and route traffic through MPLS tunnels in a communication network for network service providers and

---

[10] *See* https://certification-learning.hpe.com/TR/datacard/Course/00908176.

[11] *See* https://www.linkedin.com/jobs/search?keywords=Hewlett%20Packard%20Enterprise& location=Austin%2C%20Texas%2C%20United%20States (printout attached as Exhibit D).

their customers, *i.e.*, DiffServ-aware TE. The HPE routers that support Diff-Serv-TE

functionality include, but are not limited to, the FlexNetwork MSR Router Series[12] and the

FlexNetwork HSR Router Series[13] (collectively, the "Accused Products").

21.     According to HPE, "Diff-Serv is a model that provides differentiated QoS

guarantees based on class of service. MPLS TE is a traffic engineering solution that focuses on

optimizing network resources allocation. DiffServ-aware TE (DS-TE) combines them to

optimize network resources allocation at a per-service class level. For traffic trunks which are

distinguished by class of service, this means varied bandwidth constraints. Essentially, what DS-

TE does is to map traffic trunks with LSPs, making each traffic trunk traverse the constraints-

compliant path."[14]

22.     The Accused Products provide "a full-featured, resilient routing platform,

including IPv6 and MPLS, with up to 36 Mbps forwarding capacity and 28 Gbps of IPSec VPN

encrypted throughout. These routers also support HPE Open Application Platform

(OAP)modules to deliver integrated industry-leading HPE AllianceOne partner applications such

as virtualization, unified communications and collaboration (UC&C), and application

optimization capabilities."[15]

23.     The Accused Products practice a method comprising the steps of: defining a

mapping policy configured to map between an experimental field and a unique per-hop-behavior;

defining a customer policy comprising a tunneling mode and a tunnel group identifier, the

customer policy being configured to govern the treatment of individual customer traffic; defining

---

[12] *See, e.g.*, https://buy.hpe.com/us/en/search/?text=%22msr%22.

[13] *See, e.g.*, https://buy.hpe.com/us/en/search/?text=%22hsr%22.

[14] *See* https://techhub.hpe.com/eginfolib/networking/docs/routers/msrv5/cg/5200-2320_mpls-cg/content/459367131.htm.

[15] *See* https://support.hpe.com/hpesc/public/docDisplay?docId=c04315129.

a network policy that is configured to define the Diffserv treatment of aggregated traffic; translating the mapping policy, the network policy and the customer policy into device-specific commands; and sending the device-specific commands to policy targets, wherein each policy target comprises a network device that includes an interface assigned a role name associated with the customer policy, at least one of the interfaces comprising an egress interface of one of multi-protocol label switching tunnels.

24.     The Accused Products implement a policy server that enables the definition and deployment of a customer policy, a network policy, and a mapping policy. The policy server is arranged to create a group of MPLS tunnels and associate the tunnels to the mapping policy and the customer policy. The network policy is configured to define the Diffserv treatment of aggregated traffic. The customer policy includes a tunnel group identifier and a tunneling mode, and maps customer traffic to MPLS tunnels. The policy server translates the customer policy, the network policy, and the mapping policy into device-specific commands, and then deploys the device-specific commands to the network interfaces of the affected network devices.

25.     The Accused Products practice a method of using policy-based management to support Diffserv over MPLS network. The Accused Products with MPLS Traffic Engineering ("MPLS TE") and Diffserv functionality, *i.e.*, Diffserv-aware TE, prioritize and route traffic through MPLS tunnels for network service providers and their customers.



Figure A

26.     Figure A shows MPLS network architecture.[16] "MPLS groups packets with the

same characteristics (such as packets with the same destination or service class) into a

forwarding equivalence class (FEC). Packets of the same FEC are handled in the same way on an

MPLS network."[17] *See* Figure B below.



A label is encapsulated between the Layer 2 header and Layer 3 header of a packet. It is four bytes
long and consists of the following fields:

- **Label**—20-bit label value.
- **TC**—3-bit traffic class, used for QoS. It is also called Exp.

Figure B

27.     The Accused Products define a mapping policy so that routers map an

experimental field, *i.e.*, traffic class ("TC"), to prioritize different packets based on criteria such

as the packets' DiffServ code point ("DSCP") values, so that network nodes, or hops, treat each

class of packets differently than other classes. "MPLS uses 3 bits, called EXP bits, to carry class-

---

[16] *See* https://support.hpe.com/hpesc/public/docDisplay?docId=c05030698 at 2.

[17] *See id.* at 1.

of-service information to provide support for DiffServ. MPLS QoS identifies different traffic flows with different EXP bits and implements differentiated services. MPLS QoS can guarantee low delay and low packet loss ratio for critical service traffic, such as voice and video traffic."[18]

28.    The Accused Products define customer policies by, for example, defining tunnel policies for tunnel groups in the MPLS TE tunnel mode so that provider networks route customer traffic from customers' sites through certain tunnel groups.[19] The Accused Products apply a tunnel policy to treat different customers' traffic differently.[20] For example, the Accused Products create multiple tunnels from router PE 1 to router PE 2 and apply a tunnel policy to route different customers' traffic through different tunnels.[21] *See* Figure C below.



Figure C

Figure C shows PE 1 and PE 2 having multiple tunnels in between and that they are connected to multiple MPLS VPNs. The Accused Products provide for the control paths for VPN traffic by configuring tunnel policies.

---

[18] *See* https://support.hpe.com/hpesc/public/docDisplay?docId=c05370056 at 113.

[19] *See* https://support.hpe.com/hpesc/public/docDisplay?docId=c05370360 at 429.

[20] *See* https://support.hpe.com/hpesc/public/docDisplay?docId=c05030698 at 185–186, 188–189.

[21] *See id.*

29.     The Accused Products provide DiffServ-aware TE ("DS-TE") to treat aggregated voice traffic differently than video traffic, for example, by mapping different policies to different traffic classes and tunnels. HPE offers its own proprietary DS-TE mode .[22]

30.     The Accused Products send commands to devices, *i.e.*, policy targets, to create and enforce policies. Those devices include routers that serve as the ingress and egress interface of MPLS tunnels associated with customer policies.

31.     In view of the preceding paragraphs 21–30, each and every element of at least claim 18 of the '630 Patent is found in the Accused Products.

32.     HPE continues to directly infringe at least one claim of the '630 Patent, literally or under the doctrine of equivalents, by making, using, selling, offering for sale, importing, and/or distributing the Accused Products in the United States, including within this Judicial District, without the authority of Brazos. HPE's infringing use of the Accused Products includes its internal use and testing of the Accused Products.

33.     HPE has received notice and actual or constructive knowledge of the '630 Patent since at least the date of service of this Complaint.

34.     Since at least the date of service of this Complaint, through its actions, HPE has actively induced product makers, distributors, retailers, and/or end users of the Accused Products to infringe the '630 Patent throughout the United States, including within this Judicial District, by, among other things, advertising and promoting the use of the Accused Products in various websites, including providing and disseminating product descriptions, operating manuals, and other instructions on how to implement and configure the Accused Products. Examples of such advertising, promoting, and/or instructing include the documents at:

---

[22] *See* https://support.hpe.com/hpesc/public/docDisplay?docId=c05030698 at 80, 91.

- https://support.hpe.com/hpesc/public/km/search#q=MPLS.

- https://support.hpe.com/hpesc/public/docDisplay?docId=c05370360;

- https://support.hpe.com/hpesc/public/docDisplay?docId=c05030698; and

- https://support.hpe.com/hpesc/public/docDisplay?docId=c05370056.

HPE was and is aware that the normal and customary use by end users of the Accused Products infringes the '630 patent. HPE's inducement is ongoing.

35.     Since at least the date of service of this Complaint, through its actions, HPE has contributed to the infringement of the '630 Patent by having others sell, offer for sale, or use the Accused Products throughout the United States, including within this judicial district, with knowledge that the Accused Products infringe the '630 Patent. The Accused Products have special features that are especially made or adapted for infringing the '630 Patent and have no substantial non-infringing use. For example, in view of the preceding paragraphs, the Accused Products contain functionality which is material to at least claim 18 of the '630 Patent.

36.     The special features includes implementing Diffserv and MPLS functionality to prioritize and route traffic through MPLS tunnels in a communication network, *i.e.*, Diffserv-Aware TE, which is used in a manner that infringes the '630 Patent.

37.     The special features constitute a material part of the invention of one or more claims of the '630 Patent and are not staple articles of commerce suitable for substantial non-infringing uses.

38.     Brazos has suffered damages as a result of HPE's direct and indirect infringement of the '630 Patent in an amount adequate to compensate for HPE's infringement, but in no event less than a reasonable royalty for the use made of the invention by HPE, together with interest and costs as fixed by the Court.

## JURY DEMAND

Brazos hereby demands a jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Brazos respectfully requests that the Court:

(a)      enter judgment that HPE infringes one or more claims of the '630 Patent literally and/or under the doctrine of equivalents;

(b)      enter judgment that HPE has inducted infringement and continues to induce infringement of one or more claims of the '630 Patent;

(c)      enter judgment that HPE has contributed to and continues to contribute to the infringement of one or more claims of the '630 Patent;

(d)      award Brazos damages, to be paid by HPE in an amount adequate to compensate Brazos for such damages, together with pre-judgment and post-judgment interest for the infringement by HPE of the '630 Patent through the date such judgment is entered in accordance with 35 U.S.C. § 284, and increase such award by up to three times the amount found or assessed in accordance with 35 U.S.C. § 284;

(e)      declare this case exceptional pursuant to 35 U.S.C. § 285; and

(f)      award Brazos its costs, disbursements, attorneys' fees, and such further and additional relief as is deemed appropriate by this Court.

Respectfully submitted,

Dated: August 12, 2020

*/s/ Raymond W. Mort, III*

Raymond W. Mort, III
Texas State Bar No. 00791308
raymort@austinlaw.com
THE MORT LAW FIRM, PLLC
100 Congress Avenue, Suite 2000
Austin, Texas 78701
Tel/Fax: 512-865-7950

Edward J. Naughton
(*pro hac vice* to be filed)
enaughton@brownrudnick.com
Rebecca MacDowell Lecaroz
(*pro hac vice* to be filed)
rlecaroz@brownrudnick.com
BROWN RUDNICK LLP
One Financial Center
Boston, Massachusetts 02111
telephone:   (617) 856-8200
facsimile:   (617) 856-8201

Alessandra C. Messing
(*pro hac vice* to be filed)
amessing@brownrudnick.com
Timothy J. Rousseau
(*pro hac vice* to be filed)
trousseau@brownrudnick.com
Yarelyn Mena
(*pro hac vice* to be filed)
ymena@brownrudnick.com
BROWN RUDNICK LLP
7 Times Square
New York, New York 10036
telephone:   (212) 209-4800
facsimile:   (212) 209-4801

Sarah G. Hartman
(*pro hac vice* to be filed)
shartman@brownrudnick.com
BROWN RUDNICK LLP
2211 Michelson Drive, 7th Floor
Irvine, California 92612
telephone:   (949) 752-7100
facsimile:   (949) 252-1514

*Counsel for Plaintiff*
*WSOU Investments, LLC d/b/a*
*Brazos Licensing and Development*