**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

WSOU INVESTMENTS, LLC D/B/A
BRAZOS LICENSING AND DEVELOPMENT,

Plaintiff,

v.

HEWLETT PACKARD ENTERPRISE COMPANY,

Defendant.

Civil Action No. 6:20-cv-00726-ADA

**JURY TRIAL DEMANDED**

**FILED UNDER SEAL**

**BRAZOS'S SUR-REPLY IN OPPOSITION TO HPE'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO FRCP 12(B)(1) (DKT. 59)**

## I. BRAZOS HAS ARTICLE III STANDING

### A. Brazos [REDACTED] and the Assignment [REDACTED]

[REDACTED]

[1] HPE expressly concedes that [REDACTED] is irrelevant. *See* Reply § I.C.

[redacted]

**B.** [redacted]

HPE raises a new argument not made in its Motion [redacted]. Reply §I.B. New arguments in a reply brief are not proper. *See Mikel v. Carrington Mortg. Servs., LLC*, No. 1:16-cv-01107, 2019 WL 4060890, at *5 (W.D. Tex. June 25, 2019) ("It is the practice of this court and the district courts to refuse to consider arguments raised for the first time in reply briefs."). But HPE is also wrong. [redacted]

[redacted]



*See John Hancock Life Ins. Co. v. Solomon Baum Irrevocable Fam. Life Ins. Tr.*, 357 F. Supp. 3d 209, 218 (E.D.N.Y. 2018) ("[R]atification may be implied when a party fails to repudiate, or retains the benefit of, an unauthorized transaction when he knows of the material facts concerning the agreement. . . . Both void and voidable contracts and instruments may be ratified."). *See* p. 2 above; Opp. at 3-4, 12-13; Ex. R ¶¶ 14-16, 19.[3]

[2] HPE faults Brazos for not proving earlier (Reply at 4), but ignores that Brazos had no reason to do so until HPE raised this argument in its reply.

[3] Although HPE contends that does not cure this standing issue (Reply at 4-5), Brazos argued only that it cures any prudential defect with respect to the right to recover past damages, *see* Opp. at 14-15, 20, which it does. *See* p. 5 below.

## II. BRAZOS HAS STANDING TO SUE FOR PAST INFRINGEMENT OF THE ASSERTED PATENT

[redacted] HPE's reply cites only the same authorities as its Motion, *see* Reply at 8-9; Mot. at 8, 12, which ***support*** this conclusion. *See also* Opp. at 16.

HPE's contention that Amended Schedule B3 should control (Reply at 9) is misguided. [redacted] In any event, Amended Schedule B3 is ***part*** of the PPA, and the documents must be considered together. *See, e.g.*, *Minco, Inc. v. Combustion Eng'g, Inc.*, 95 F.3d 1109, 1118 (Fed. Cir. 1996) (only some agreements in a series expressly assigned the right to past infringement, but "the entirety of the agreements establish[] that the MAC assignment clearly conveyed the right to sue for past infringement").

HPE's claim that the PPA is not [redacted] (Reply at 9) also fails. [redacted] Opp. at 17-18; *see, e.g.*, *Speedplay, Inc. v. Bebop, Inc.*, 211 F.3d 1245, 1253 (Fed. Cir. 2000). As HPE admits, [redacted]

Finally, contrary to HPE's suggestion, which is unsupported by any citation to authority, [redacted]

Any remaining doubt that Nokia explicitly transferred the right to sue for past damages in the PPA is obviated by the [redacted].[4] [redacted].[5]

Last, HPE's contends, again incorrectly, [redacted] HPE misreads the document. [redacted]

[4] This issue of one of prudential or statutory standing and thus may be cured, if necessary, after an action is filed. Opp. at 14-15. HPE's reply restates its position, but offers no controlling authority showing that the right to recover past damages implicates constitutional standing.

[5] Brazos learned from reading HPE's reply brief that, due to a vendor error, certain pages were inadvertently omitted from its production to HPE of [redacted] Upon learning of this, Brazos promptly produced the missing pages to HPE. [redacted]

Respectfully submitted,

Dated: October 29, 2021

*/s/ Raymond W. Mort, III*

Raymond W. Mort, III
Texas State Bar No. 791308
raymort@austinlaw.com
THE MORT LAW FIRM, PLLC
100 Congress Avenue, Suite 2000
Austin, Texas 78701
tel/fax: (512) 677-6825

Edward J. Naughton
Massachusetts Bar No. 600059
enaughton@brownrudnick.com
Rebecca MacDowell Lecaroz
Massachusetts Bar No. 666860
rlecaroz@brownrudnick.com
BROWN RUDNICK LLP
One Financial Center
Boston, Massachusetts 02111
telephone: (617) 856-8200
facsimile: (617) 856-8201

Timothy J. Rousseau
New York Bar No. 4698742
trousseau@brownrudnick.com
BROWN RUDNICK LLP
7 Times Square
New York, New York 10036
telephone: (212) 209-4800
facsimile: (212) 209-4801

David M. Stein
Texas State Bar No. 797494
dstein@brownrudnick.com
Sarah G. Hartman
California State Bar No. 281751
shartman@brownrudnick.com
BROWN RUDNICK LLP
2211 Michelson Drive, 7th Floor
Irvine, California 92612
telephone: (949) 752-7100
facsimile: (949) 252-1514

*Counsel for Plaintiff*
*WSOU Investments, LLC d/b/a*
*Brazos Licensing and Development*

## CERTIFICATE OF SERVICE

I certify that the foregoing document was served upon all counsel of record via the Court's CM/ECF electronic filing system in accordance with the Federal Rules of Civil Procedure on October 29, 2021.

*/s/ Raymond W. Mort, III*
Raymond W. Mort, III